UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: SG 3836
:
THERESA E SMITH : Docket No.: 13 Civ. _____
:
                Plaintiff, : COMPLAINT
   -against- :
: Jury Trial: No
ALLSTATE INSURANCE COMPANY :
               Defendant. :
:
:
-----------------------------------------------------------------x

      Plaintiff, by her attorneys, Gauthier, Houghtaling & Williams, LLP, for her Complaint against the Defendant, Allstate Insurance Company, alleges the following upon information and belief:

## THE PARTIES

    1.    The Plaintiff listed in the table below is an individual who resides and is domiciled in this judicial district. Her property, located at the address shown below, was insured against flood damages by the Defendant, Allstate Insurance Company.

| No. | Name of Insured(s) | Policy Number | Address of Property |
|---|---|---|---|
| 1. | Theresa E Smith | 2800427268 | 16 September Walk, Long Beach, Nassau County, NY 11561-2843 |

    2.    Defendant Allstate Insurance Company ("Allstate") was and is a private insurance company incorporated under the laws of the State of Illinois, doing business in New York, with its principal place of business located at 2775 Sanders Road, Northbrook, IL 60062-6127.

3. Allstate is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Allstate issued a Standard Flood Insurance Policy (the "Policy") in its own name, as a fiscal agent of the United States, to Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Allstate was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policy that Allstate procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's property and contents located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. Plaintiff purchased a Standard Flood Insurance Policy (the "Policy") from Allstate to insure her property and contents located at the address shown above against physical damage by or from flood.

10. Plaintiff paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, a devastating storm (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiff's insured property.

12. As a result of the Storm, Plaintiff suffered losses by and from flood to her insured property and to personal property and contents located therein. Plaintiff has incurred and/or will incur significant expenses to repair and replace her flood-damaged property.

13. Plaintiff reported the damage and properly submitted her claims to Allstate. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

14. Allstate unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiff's claims.

15. Plaintiff retained independent experts to evaluate the damages to her insured property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiff's covered property. These damages were thoroughly documented and reports were submitted to Allstate for review. Allstate has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

16. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

17. Plaintiff and Allstate entered into a contract when Plaintiff purchased and Allstate issued the Policy.

18. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to her property and contents located at the address shown above.

19. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Allstate regarding her claims. Plaintiff complied with all conditions precedent to her recovery herein, including appropriate and adequate demands, or Allstate waived or excused such conditions precedent.

20. Allstate failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiff what she is owed for damages the Storm caused to property that the Policy covered. Allstate also breached the contract by failing to perform other obligations it owed under the Policy.

21. Allstate has a duty to deal fairly and in good faith with the Plaintiff. There is an implied covenant of good faith and fair dealing in every insurance contract. This covenant obligates the party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party. It also requires an insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

22. By wrongfully denying payments to Plaintiff, Allstate has breached, or will breach, the duties of good faith and fair dealing owed to Plaintiff, and to the public at large. In addition, Allstate breached or will breach its duty to deal fairly and in good faith by other acts and omissions of which Plaintiff is presently unaware. Allstate's duty of good faith and fair dealing continues during the pendency of this case. Plaintiff reserves the right to seek leave of the Court to amend this Complaint at such time as she may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

23. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for her covered losses, Allstate is liable to and owes Plaintiff for the actual damages she sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiff may prove as allowed by law.

## PRAYER

WHEREFORE, the Plaintiff named herein respectfully requests that the Court enter judgment in her favor for such amounts as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Respectfully submitted,

Gauthier, Houghtaling & Williams, LLP

By: /s/ *Sean Greenwood*
 _____
 Sean Greenwood
 New York Bar No. 4409140
 SG 3836
 Attorneys for Plaintiff

5

                                              52 Duane Street Floor 7  
                                              New York, NY 10007  
                                              Telephone: (646) 461-9197  
                                              Facsimile: (212)732-6323

TO:    Allstate Insurance Company  
         2775 Sanders Road  
         Northbrook, IL 60062-6127